UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAN KAYAIAN, ) | 1:06cv01632 AWI DLB |
| ) | |
| Plaintiff, ) | ORDER DISMISSING COMPLAINT |
| ) | WITH LEAVE TO AMEND |
| v. ) | |
| U.M.C. HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Sevan Kayaian ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint on November 14, 2006. Plaintiff alleges a violation of the Americans with Disabilities Act.

DISCUSSION

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

1    In reviewing a complaint under this standard, the Court must accept as true the allegations
2 of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740
3 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick</u>
4 <u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
5 <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

6    Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

11    A complaint must contain a short and plain statement as required by Fed. R. Civ. P.
12 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair
13 notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev.</u>
14 <u>Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of
15 particularity overt acts which the defendants engaged in that support Plaintiff's claim. <u>Id.</u>
16 Although a complaint need not outline all elements of a claim, it must be possible to infer from
17 the allegations that all elements exist and that there is entitlement to relief under some viable
18 legal theory. <u>Walker v. South Cent. Bell Telephone Co.</u>, 904 F.2d 275, 277 (5th Cir. 1990);
19 <u>Lewis v. ACB Business Service, Inc.</u>, 135 F.3d 389, 405-06 (6th Cir. 1998).

20    In reviewing a complaint under this standard, the Court must accept as true the allegations
21 of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740
22 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick</u>
23 <u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
24 <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

25 B.    <u>Plaintiff's Allegations</u>

26    Plaintiff's complaint, consisting of one page, alleges that Defendant U.M.C. Hospital
27 "tortured" him by keeping him strapped down and administering medication to him against his
28 will. He also alleges that the doctor refused to give him oxygen or his inhaler. He contends that

these acts violated the Americans with Disabilities Act ("ADA") and requests those involved "go to jail and pay for taking and keeping [his] property." Complaint, at 1.

C.     Analysis

Title II of the ADA provides that:

> No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. To establish a claim under the ADA, Plaintiff must demonstrate that (1) he is a person with a disability; (2) that he is otherwise qualified; and that the defendants' actions either (3) excluded his participation or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap. See Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir. 1996).

Plaintiff has wholly failed to state a claim for violation of the ADA. Plaintiff has not set forth any of the necessary elements, including the very basic allegation that he even has a disability. Given Plaintiff's status as a pro se litigant and the fact that the Court is unable to conclude that Plaintiff cannot cure these deficiencies, Plaintiff will be granted leave to amend.

Plaintiff is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff may file an amended complaint within thirty (30) days of the date of service of this order. Plaintiff's complaint should be clearly titled, "First Amended

///
///
///
///

Complaint," and shall refer to the case number assigned to this action. If Plaintiff does not file an amended complaint within this time frame, the Court will recommend that this action be dismissed.

    IT IS SO ORDERED.

    **Dated:**   **November 20, 2006**                **/s/ Dennis L. Beck**
3b142a                                          UNITED STATES MAGISTRATE JUDGE